**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Barbara Kraft

    v.                                                    Case No. 10-cv-164-PB

Larry A. Mayer and
University of New Hampshire


**O R D E R**


By all accounts, the parties have worked diligently and
responsibly to resolve their differences during the course of
discovery.  Consequently, only a small area of dispute remains.
Barbara Kraft seeks, and defendants seek to protect, a total of
seven e-mails to or from University of New Hampshire ("UNH")
employee Tracy Birmingham, who is an attorney.  Defendants seek
to protect the e-mails at issue by means of the attorney-client
privilege and/or the work-product privilege.  Kraft moves to
compel the production of the subject e-mails, and defendants
object.  For the following reasons, Kraft's motion to compel is
denied.

Defendants have provided the subject e-mails under seal,
for in camera review.  Those e-mails include:

1.    UNH Interim Vice President for Research Taylor
    Eighmy's July 18, 2008, e-mail to General Counsel
    Ron Rodgers and Special Counsel Birmingham
    (copied to Dean Joseph Klewicki);

2.   Birmingham's August 14 response to Klewicki;

3.   Birmingham's February 20, 2009, e-mail to Larry
     Mayer (copied to Dean Klewicki);

4.   Dean Klewicki's February 10 response to
     Birmingham;

5.   Birmingham's February 11 response to Dean
     Klewicki;

6.   Birmingham's May 29, 2009, e-mail to Mayer; and

7.   Dean Klewicki's August 18, 2009, e-mail to
     Birmingham and Rogers.

All seven e-mails are protected by the attorney-client

privilege.

A party claiming the attorney-client privilege bears the

burden "to establish that the privilege exists and covers the

statements at issue."  United States v. Bisanti, 414 F.3d 169,

170 (1st Cir. 2005) (citing XYZ Corp. v. United States (In re

Keeper of the Records (Grand Jury Subpoena Addressed to XYZ

Corp.), 348 F.3d 16, 22 (1st Cir. 2003)).  The attorney-client

privilege applies in two circumstances.  First:

> (1) Where legal advice of any kind is sought (2) from
> a professional legal adviser in his capacity as such,
> (3) the communications relating to that purpose, (4)
> made in confidence (5) by the client, (6) are at his
> instance permanently protected (7) from disclosure by
> himself or by the legal adviser, (8) except the
> protection be waived.

Bisanti, 414 F.3d at 171 (quoting Cavallaro v. United States, 284 F.3d 236, 245 (1st Cir. 2002)). Second:

> The privilege also protects from disclosure documents provided by an attorney if the party asserting the privilege shows:
>
> > (1) that he was or sought to be a client of [the attorney]; (2) that [the attorney] in connection with the [document] acted as a lawyer; (3) that the [document] relates to facts communicated for the purpose of securing a legal opinion, legal services or assistance in legal proceedings; and (4) that the privilege has not been waived.

Maine v. U.S. Dep't of the Interior, 298 F.3d 60, 71 (1st Cir. 2002) (quoting United States v. Bay State Ambulance & Hosp. Rental Serv., Inc., 874 F.2d 20, 27-28 (1st Cir. 1989)).

With respect to communications flowing either way, that is to or from an attorney, "the privilege is not limitless, and courts must take care to apply it only to the extent necessary to achieve its underlying goals." In re Keeper of the Records, 348 F.3d at 22 (citing In re Grand Jury Subpoena (Custodian of Records, Newparent, Inc.), 274 F.3d 563, 571 (1st Cir. 2001)). "In other words, the attorney-client privilege must be narrowly construed because it comes with substantial costs and stands as an obstacle of sorts to the search for truth." In re Keeper of the Records, 348 F.3d at 22 (citing United States v. Nixon, 418 U.S. 683, 709-10 (1974)).

Here, defendants claim the privilege for communications both from and to its attorneys.  The court considers each type of communication separately.

**Communications to Attorneys Rodgers and/or Birmingham**.  In e-mail 1, Eighmy sought legal advice from two UNH attorneys concerning Dr. Kraft's re-appointment, in light of her "Misconduct in Scholarly Activity" ("MISA") complaint against Mayer and Luciano Fonseca.  In e-mail 4, which was a response to e-mail 3, Dean Klewicki sought legal advice from a UNH attorney concerning any risks UNH might face arising out of the terms and conditions of Kraft's employment as they related to the resolution of her MISA complaint.  Finally, in e-mail 7, Dean Klewicki sought legal advice from two UNH attorneys concerning the proper way to communicate with Kraft about the decision not to reappoint her.  With respect to each of those three e-mails, all eight elements set out in Bisanti are met and, as a consequence, all three e-mails are protected by the attorney-client privilege.

**Communications from Attorney Birmingham**.  In e-mail 2, a UNH attorney responded to e-mail 1, providing legal advice on the topic raised in e-mail 1.  In e-mail 3, a UNH attorney provided legal advice regarding how to handle the employment

relationship of a faculty member.  In e-mail 5, a UNH attorney

responded to e-mail 4, and provided further advice on how to

handle the employment relationship of a faculty member.  In e-

mail 6, a UNH attorney responded to an e-mail defendants have

not withheld, and provided additional advice on how to handle

the employment relationship of a faculty member.

 With regard to the four elements necessary for a client to

assert attorney-client privilege over communications from his or

her attorney, it is indisputable that defendants were

Birmingham's clients, that Birmingham was acting as a lawyer,

and that the privilege has not been waived.  Maine, 298 F.3d at

71.  Moreover, with regard to the remaining element, the court

has examined the subject e-mails, and finds that all four

"relate[ ] to facts communicated for the purpose of securing a

legal opinion."  Id.  Such a finding is all that is necessary

for the privilege to be properly invoked and applied.  See id.

(citing Town of Norfolk v. U.S. Army Corps of Eng'rs, 968 F.2d

1438, 1458 (1st Cir. 1992)).  Finally, while it is not necessary

to address any other privilege issues, it seems likely that e-

mails 2, 3, 5, and 6 would also be protected by the work-product

privilege as established in Rule 26(b)(3) of the Federal Rules

of Civil Procedure and described in <u>United States v. Textron</u>

<u>Inc.</u>, 577 F.3d 21, 29 (1st Cir. 2009).


**Conclusion**

For the reasons given, plaintiff's motion to compel, doc.

no. 17, is denied.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge


Dated:  May 18, 2011

cc:  Paul McEachern, Esq.
     Martha Van Oot, Esq.